IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TREHEARNE, | No. 2:24-CV-0405-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| AMADOR COUNTY SHERIFF'S DEPUTIES, | |
| Defendants. | |

        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 6.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on February 5, 2024.  See ECF No. 1.  In the original complaint, Plaintiff named as defendants "three deputies" of the Amador County Sheriff's Department, as well as "Amador County Sheriff."  Id. at 1, 2.  Before the Court could screen the original complaint, Plaintiff filed a first amended complaint as of right on March 20, 2024.  See ECF No. 6.

In his first amended complaint, Plaintiff names as a defendant "Amador Sheriff's Dep't."  ECF No. 6, pg. 1.  Plaintiff also lists as a defendant "Sheriff" who is alleged to be employed by "Amador Sheriff's Dep't."  Id. at 2.  Plaintiff alleges in his first claim excessive force by unnamed sheriff's deputies.  See id. at 3.  In his second claim, Plaintiff alleges that an unnamed sheriff's deputy denied him medical attention after he was injured during an arrest.  See id. at 4.

## II. DISCUSSION

Plaintiff's first amended complaint suffers a number of defects.  First, to the extent Plaintiff is suing the Amador County Sheriff's Department, Plaintiff has failed to allege facts sufficient to establish municipal liability.  Second, to the extent Plaintiff is suing the Sheriff of Amador County, Plaintiff has not alleged facts sufficient to show supervisor liability or a causal connection between this defendant and the claimed constitutional violations.  Finally, to the

extent Plaintiff is suing individuals, Plaintiff fails to name them and, thus, does not allege facts to establish a causal connection between any individual defendant and the alleged constitutional violations.

### A. Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff has not alleged any actions of the municipality, such as a custom or policy, which caused the constitutional violations outlined in the first amended complaint. Plaintiff will be provided an opportunity to amend.

### B. Supervisor Liability

Though not clear from the first amended complaint, by listing "Sheriff" as a defendant, Plaintiff may be attempting to sue the Sheriff of Amador County.

Supervisory personnel, such as the Sheriff of Amador County, are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Plaintiff has not alleged that the unnamed Sheriff of Amador County was either personally involved in the claimed constitutional violations, implemented a policy which itself violated Plaintiff's rights, or knew of constitutional violations but failed to intervene to prevent them. Plaintiff will be provided an opportunity to amend. If Plaintiff is indeed suing the Sheriff of Amador County, this individual must be named in any amended complaint.

**C.     Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, it may be that Plaintiff is attempting to sue the individual sheriff's deputies who are alleged to have violated Plaintiff's constitutional rights. Plaintiff has not, however, named such individuals and, thus, fails to allege facts to establish a causal connection between the unnamed sheriff's deputies and the claimed violations. Again, Plaintiff will be provided an opportunity to amend to provide the names of any individuals being sued.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: May 22, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE